Donovan H. WEEMS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13480.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1964.

Dale M. Everett, Hinton, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge.

This is an attempted appeal by Donovan H. Weems, plaintiff in error, defendant below. He was charged in the county court of Caddo County with the offense of driving and being in actual possession of a motor vehicle, while he was under the influence of intoxicating liquor, allegedly on July 5, 1963 in the town of Hinton in said County. He was tried by a jury, found guilty and his punishment fixed at 30 days in the county jail, and a fine of $100. Appeal is attempted by petition in error and transcript of the record.

Title 22 O.S.A. § 977 sets out what constitutes a transcript of the record, as follows: (1) the indictment and a copy of the minutes of the plea or demurrer; (2) a copy of the minutes of the trial; (3) the charges given or refused, and the endorsements, if any, thereon; and (4) a copy of the judgment.

The transcript as originally filed did not include a copy of the judgment and sentence.

In the early case of Day v. State, 7 Okl. Cr. 276, 123 P. 436, Judge Doyle, speaking

for the Court, in construing this section of the statute, said:

"This provision of the statute specifically defines what constitutes, in a criminal case, the record proper; and a transcript of such record proper is the only record that can be authenticated by the certificate of the clerk of the trial court. All other matters included in a transcript constitutes no part of the record, though the clerk has incumbered the transcript with them."

And in Smith v. State, Okl.Cr., 362 P.2d 113, this Court said:

"Where casemade does not contain formal judgment and sentence, the record cannot be considered even as a transcript, and the appeal will be dismissed."

See a long list of cases cited in this opinion.

Petition in error with purported transcript were filed in this Court on February 10, 1964. Thereafter, on February 20, 1964 the transcript was withdrawn by permission of the Court, and refiled June 12, 1964. As refiled the transcript contained a copy of the judgment and sentence, which is dated November 27, 1963, with the filing stamp of the court clerk showing it to have been filed on that date, and the certificate of true copy by the court clerk is dated April 21, 1964.

The record contains a minute of the court, dated December 13, 1963, overruling the motion for new trial, and giving the defendant "40 days in which to make and serve case made, ten days for the county attorney to offer amendments, and five days to settle." No other or further order was entered extending the time.

This attempted appeal must be dismissed for the reason that the same as originally filed did not contain a copy of the judgment and sentence; and as refiled on June 10, 1964 was out of time, and too late to give the Court jurisdiction.

It is so ordered.

BUSSEY and NIX, JJ., concur.