## Commonwealth ex rel. Alexander, Appellant, *v.* Maroney.

Submitted March 15, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*William H. Alexander,* appellant, in propria persona.

*Edwin J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, June 29, 1967:

In January 1962, the appellant, William H. Alexander, was convicted by a jury of murder in the first degree, and in accordance with the jury's verdict was sentenced to imprisonment for life.[1] At trial, testimony of oral admissions Alexander made to police officers following the occurrence was introduced in evidence against him. Also, a recorded statement given to the police following his arrest, while not introduced in evidence, was referred to and specifically mentioned during his trial cross-examination by the Commonwealth's attorney for the purpose of impeachment. No independent "Jackson hearing" was conducted by the trial court to determine the voluntariness of the admissions or recorded statement.

In 1965, Alexander instituted habeas corpus proceedings which the lower court dismissed after hearing. In this action Alexander contended that his in-custody statement to the police was coerced and secured under circumstances which violated his constitutional rights. The hearing court did not specifically determine if the statement involved was the free and voluntary act of Alexander, but concluded that since no objection to the admissibility of the testimony concerning the statement was entered at trial, Alexander was precluded at this day from raising the question.

An examination of the trial record discloses that at the time the admissions and statements were made, Alexander may have been suffering from intoxication due to the overconsumption of intoxicants and also other physical disabilities, which might affect his ability to intelligently and freely say anything. In view

---

[1] In April 1962, Alexander plead guilty generally to an indictment charging murder involving the death of a second individual, allegedly arising out of the same occurrence. The court in this instance also found him guilty of first degree murder and imposed a sentence of life imprisonment.

of the trial testimony in this regard, it is our conclusion that even in the absence of an objection to the testimony involved, an independent determination by the trial court of the voluntariness issue is required. In this determination all of the pertinent circumstances must be considered and evaluated. Compare *Jackson v. Denno,* 378 U.S. 368 (1964).

The order of the court below is vacated and the record remanded for further proceedings consonant with this opinion.

Mr. Justice COHEN took no part in the consideration or decision of this case.