MASON, APPELLANT, *v.* KLASERNER, APPELLEE.

(No. 6440—Decided May 9, 1961.)

*Mr. Nelson Lancione* and *Mr. Robert R. Reed,* for appellant.
*Messrs. Dresbach, Crabbe, Newlon, Collopy & Bilger, Mr. Wilbur Jones* and *Mr. Charles Brown,* for appellee.

BRYANT, J. Roger Mason, plaintiff, sued for $90,650 damages in the court below from Harold Klaserner, defendant, fol-

lowing a collision in West Broad Street, near High Street, in the city of Columbus, on March 7, 1957, involving a passenger car driven by Mason and a tractor-trailer loaded with steel owned by Klaserner.

Hugh Cook, driver of the steel truck, and Steel City Transport, Inc., for whom the steel was being hauled, also were named defendants, but were dismissed by Mason when, upon motion of defendants, Mason was required to elect whom he desired to hold responsible.

Shortly before the accident, Mason was driving east in the eastbound lane nearest the yellow center line and the steel truck, with Cook at the wheel and Klaserner alongside him in the cab, was traveling west in the westbound lane nearest the center line.

It was claimed by Mason that the steel truck, as it was about to pass him, suddenly swerved to its left, coming across the center line four or five feet into his lane of travel and striking his car in the side, injuring him and badly damaging his car.

Cook did not testify. Klaserner admitted the truck crossed over the center line, but said it was only a foot or a foot and a half into the lane in which Mason was driving. He claimed further that a transit bus had pulled away from the curb on the right of the truck and that it was the cause of the steel truck swerving across the center line.

The defense advanced the theory that the truck came to a stop after crossing the center line; that Mason ran into the truck; that he should have turned to avoid the collision; and that, not having done so, he was guilty of contributory negligence.

The trial court, in submitting the cause to the jury, charged on the law as to contributory negligence and the jury returned a verdict in favor of the defendant, from which verdict and judgment thereon Mason has appealed to this court on questions of law.

Mason's first assignment of error is that the court committed prejudicial error in permitting the jury to consider contributory negligence when it was not pleaded and did not appear from the evidence. We have been unable to find, and there has not been pointed out, any testimony from which an inference of contributory negligence arises.

Klaserner's testimony was to the effect that the swerving

of the truck across the center line and the collision were simultaneous, and his further admission that the truck was a foot or a foot and a half across the center line, lends strong support to Mason's testimony and is uncontradicted in the record. We conclude that it was prejudicial error to charge on contributory negligence.

In the second assignment of error, complaint is made of the cross-examination of plaintiff with reference to other accidents, but counsel for plaintiff by the very broad questions asked, and the answers given, upon direct examination of Mason, appears to have opened wide the door, and this assignment must be overruled.

Complaint is made in the third assignment of error that counsel for the defendant was allowed by the court over objection of plaintiff to question Mason as to convictions and imprisonment prior to the time when Mason was eighteen years of age with respect to law violations in Virginia, which were disposed of by a juvenile court in Virginia. The fourth assignment of error is that the defense asked further improper questions with respect to Mason's discharge from the armed forces for fraudulent enlistment after a short period of service. This was allegedly for falsifying his enlistment record as to his juvenile court record.

As required by Section 2317.44, Revised Code of Ohio, we judicially notice that the Virginia statutes (Section 16.1-179, Chapter 8, Title 16.1, Code of Virginia, 1950) expressly prohibit denominating a child a criminal because of the adjudication of the juvenile court and further that such adjudication shall not be denominated a conviction. See, also, in the same chapter and title, Sections 16.1-141, 16.1-158, 16.1-162 and 16.1-163, and *Kiracofe* v. *Commonwealth*, 198 Va., 833, which cites *Malone* v. *State*, 130 Ohio St., 443. See, also, Section 2151.35, Revised Code of Ohio. The inquiry as to the juvenile offenses was improper and prejudicial. So were the inquiries concerning the kind of a discharge given Mason, which does not purport to be based upon a conviction of a crime by a court having jurisdiction. Both the third and fourth assignments of error are well taken.

Coming now to the eighth assignment of error having to do with the admission over the objection of improper evidence, we

note that a police officer, on being questioned by defense counsel, was permitted over objection to testify as to hearsay and conclusions, which, from the standpoint of defendant, were self-serving. We conclude this assignment is well taken.

As we have concluded that the verdict and judgment below must be reversed and a new trial ordered, we deem it unnecessary to pass upon the other errors assigned, and the cause will be remanded to the court below.

*Judgment reversed.*

DUFFEY, P. J., concurs.
DUFFY, J., concurs in the judgment.

DUFFEY, P. J., concurring. The third assignment of error concerns a line of questioning which I believe was deliberately designed to and did elicit the appellant's prior record of juvenile offenses. I, therefore, concur in Judge Bryant's reasoning and in his determination that it constituted prejudicial error.

The first assignment of error relates to the charge of contributory negligence. I believe the "two-issue" rule would make any error here nonprejudicial. However, since the case must be reversed, I concur with Judge Bryant in his determination that the charge was erroneous. For the same reason I concur in his determination on the eighth assignment. The testimony of the police officer was clearly hearsay, and cannot on the facts of record be brought within the *res gestae*.