Commonwealth *v.* Ross, Appellant.

Argued November 13, 1968. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Dennis H. Eisman,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Ivan Michaelson Czap,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, April 23, 1969:

Emma and Tony Ross, husband and wife, were convicted by a jury in Philadelphia of aggravated assault and battery, assault and battery and assault with intent to murder. Post-trial motions for a new trial and in arrest of judgment were denied. Subsequently, Tony Ross was sentenced to serve a term of imprisonment of from 2 to 5 years, and Emma Ross was sentenced to the correctional institution at Muncy under the Act of July 25, 1913, P. L. 1311, as amended, 61 P.S. 566. On appeal to the Superior Court, the judgments of sentence were affirmed, Judge HOFFMAN dissenting. We allowed allocatur.

That the evidence was sufficient to warrant the convictions is not questioned. Certainly from that evidence, the jury could find that, without provocation, Tony Ross attacked Lucius Whitaker, a long-time friend and a frequent visitor in the Ross home, with a knife and inflicted severe and serious stab wounds upon his body. The jury could also find that while Whitaker was struggling with Tony Ross in an effort to protect himself, Emma Ross stabbed Whitaker in the back with a tenpenny nail. It is, however, asserted that two trial errors necessitate a reversal of the judgments and a retrial.

At trial Tony Ross did not testify personally. However, Emma Ross did testify and her version of the occurrence differed substantially from that given by Whitaker. She stated that Whitaker was under the influence of intoxicants at the time and that he suddenly jumped upon her husband and struck him with a gun, and that he then shot her in the neck and arm. During his testimony, Whitaker denied that he had a gun or that he saw one at any time during the assault.

During Whitaker's cross-examination, the appellants' counsel attempted to inquire whether or not Whitaker had been arrested by the police and charged

with shooting Emma Ross on the occasion involved. An objection to this line of inquiry was sustained. It is now urged that this constituted prejudicial error and denied the appellants their right to place before the jury facts which might tend to impeach the witness' credibility.

The fact that a witness who has testified in a criminal prosecution has been convicted of a felony or of a misdemeanor in the nature of crimen falsi may be brought out as bearing on his credibility. *Commonwealth v. Jones*, 334 Pa. 321, 5 A. 2d 804 (1939). As a general rule, however, there must be a conviction of the felony or misdemeanor before such evidence is relevant, because there is a vast difference between a conviction and a mere accusation. An inquiry as to a mere arrest or indictment is not permitted because an arrest or an indictment does not establish guilt, and the reception of such evidence would merely constitute the reception of somebody's hearsay assertion of the witness' guilt. 3 Wigmore, Evidence §980(a) (3d ed. 1940). However, our courts have recognized an exception to this rule and have held that if a witness is *under indictment* for the same crime, or a crime growing out of it, or a crime closely related to the very offense for which the defendant is being tried, so as to form part of the same occurrence, then evidence of his indictment is relevant as bearing on the witness' interest in the immediate matter. *Commonwealth v. Mulroy*, 154 Pa. Superior Ct. 410, 36 A. 2d 337 (1944). Cf. also *Commonwealth v. Gable*, 171 Pa. Superior Ct. 468, 90 A. 2d 301 (1952).

In the instant case, the appellants, although recognizing that Whitaker was not under indictment for any crime at the time he testified, and therefore, that *Commonwealth v. Mulroy*, supra, does not control, still maintain there is no logical reason in this case for distinguishing the situation where an individual is mere-

ly under arrest from the situation where he is already under indictment.

Where a person is indicted for a crime, at least a prima facie case of guilt has been established before a grand jury. This is not so in the case of a mere arrest. Moreover, the holding in *Mulroy*, supra, is an exception to the established rule that evidence, such as here involved, is relevant only if a conviction has resulted. As noted before, this general principle is based on sound reasons. We see no good reason why the exception should be extended in scope and can visualize several reasons why it should not be extended.

Appellants also argue that the charge to the jury was inadequate because it failed to include an instruction that the defendants were under no duty to retreat from an attack in their own home. This, of course, is the law if the attacker is an intruder or not a member of the household. *Commonwealth v. Wilkes*, 414 Pa. 246, 199 A. 2d 411 (1964), and *Commonwealth v. Fraser*, 369 Pa. 273, 85 A. 2d 126 (1952). The evidence, however, is clear that Whitaker was not an intruder in the Ross home.

We find nothing in the record to upset the conviction and judgment of sentence in the case of Tony Ross, or in the conviction of Emma Ross. However, the judgment of sentence entered against Emma Ross must be vacated. See *Commonwealth v. Daniel*, 430 Pa. 642, 243 A. 2d 400 (1968).

The order of the Superior Court in the case of Tony Ross is affirmed. In the case of Emma Ross, the order of the Superior Court and the judgment of sentence entered in the court of original jurisdiction are vacated, and the record is remanded to the last mentioned court with directions to impose a valid sentence.