## Commonwealth *v.* Katchmer, Appellant.

462

Argued November 27, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Michael J. Perezous*, with him *Xakellis, Perezous & Mongiovi*, for appellant.

*George T. Brubaker*, Assistant District Attorney, with him *Henry J. Rutherford*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, September 19, 1973:

Appellant was tried before a judge and jury and convicted of selling one gram of hashish in violation of

The Drug, Device and Cosmetic Act of 1961.[1] After post-trial motions were denied, he was fined $200 plus costs and sentenced to from two to five years imprisonment. On appeal, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Katchmer*, 220 Pa. Superior Ct. 231, 281 A. 2d 747 (1971). This Court granted a request for allocatur and this appeal followed.

The appellant contends that the trial court committed reversible error in permitting the prosecutor to cross-examine alibi witnesses concerning their prior juvenile offenses. We agree and we now reverse.[2]

The Commonwealth's case rested totally upon one Paul Guy, who testified that appellant had sold him one gram of hashish for $10 on December 14, 1968, at 7:15 in an apartment on Chestnut Street, Lancaster, Pennsylvania.

Appellant testified in his own defense that he had been in Philadelphia at the apartment of a friend, Martha Levis, on the day and at the time in question. His alibi was corroborated fully by two witnesses: Miss Levis and Robert Bachman, appellant's roommate.

At the conclusion of Miss Levis' direct testimony, defense counsel requested a side-bar conference and stated that if the prosecutor attempted to cross-examine her concerning juvenile offenses, the defense would ask for the withdrawal of a juror. The Court permitted the prosecutor to ask what sort of trouble the witness had been in in the past, thereby eliciting testimony that the witness had been "engaged in shoplifting" at age sixteen. The prosecutor asked the same question of Mr.

---

[1] Act of September 26, 1961, P. L. 1664, §4, 35 P.S. §780-4, repealed and replaced, Act of April 14, 1972, P. L. 233, No. 64, §1, 35 P.S. §780-101 et seq. (Supp. 1973-74.)

[2] In view of our disposition of this appeal, we need not address the other errors assigned by the appellant.

Bachman and elicited an admission that the latter had been arrested for under age drinking at age sixteen. We hold that it was error to permit such cross-examination.

This Court has in the past permitted the use of prior convictions of felonies or misdemeanors in the nature of *crimen falsi* to impeach the credibility of a witness. See, e.g., *Commonwealth v. Peterman*, 430 Pa. 627, 244 A. 2d 723 (1968); *Commonwealth ex rel. Sprangle v. Maroney*, 423 Pa. 589, 225 A. 2d 236 (1967); *Commonwealth v. Butler*, 405 Pa. 36, 173 A. 2d 468 (1961). More recently, we have recognized that, in order to prevent smearing rather than merely discrediting of the witness, such impeachment should be limited to crimes involving dishonesty or false statement. *McIntosh v. Pittsburgh Railways Co.*, 432 Pa. 123, 125, 247 A. 2d 467 (1968). See also, *Commonwealth v. Bighum*, 452 Pa. 554, 307 A. 2d 255 (1973). Cf. *Commonwealth v. Amos*, 445 Pa. 297, 284 A. 2d 748 (1971). Accord, Model Code of Evidence, Rule 106(1)(b); Uniform Rule of Evidence 21; McCormick, Evidence §43 at 91; 3A Wigmore, Evidence §926 (Chadbourn rev. 1970). Applying that test to the case at bar, we have serious doubts that underage drinking involves a character trait that would suggest a propensity for false swearing.

However, more important considerations compel the conclusion that the cross-examination in this case was improper. We have long held that prior bad acts not resulting in a conviction are not admissible to impeach a witness' credibility. Thus, the fact of a prior arrest cannot be used to challenge credibility. *Commonwealth v. Ross*, 434 Pa. 167, 252 A. 2d 661 (1969). See also, *United States v. Conder*, 423 F. 2d 904, 911-12 (6th Cir. 1970). We expressed the rationale for such a rule in *Ross*: "As a general rule, however, there must be a conviction of the felony or misdemeanor before such

evidence is relevant, because there is a vast difference between a conviction and a mere accusation. An inquiry as to a mere arrest or indictment is not permitted because an arrest or an indictment does not establish guilt, and the reception of such evidence would merely constitute the reception of somebody's hearsay assertion of the witness' guilt. 3 Wigmore, Evidence §980 (a) (3d ed. 1940)." 434 Pa. at 171.

The questions asked in this case went far beyond an inquiry into prior convictions. They were worded so as to include problems of any nature—financial, personal or emotional as well as criminal. The record below fails to establish that either of these witnesses were in fact convicted of a criminal offense because of the conduct they admitted in answer to the question under consideration.

Assuming arguendo that the witnesses had been adjudged deliquent[3] such an adjudication would not have constituted a criminal conviction under the terms of the Juvenile Court Act of 1933 which provides: "No order made by any juvenile court shall operate to impose any of the civil disabilities ordinarily imposed by the criminal laws of the Commonwealth, nor shall any child be deemed to be a criminal by reason of any such order or be deemed to have been convicted of a crime." Act of June 2, 1933, P. L. 1433, §19, 11 P.S. §261, repealed, Act of December 6, 1972, P. L. 1464, No. 333, §337, 11 P.S. §50-337 (Supp. 1973-74).[4] The legislature explicit-

---

[3] While the record does not indicate that any legal proceeding was in fact instituted against either witness, in view of their respective ages and the nature of the acts, we must assume that any such proceeding would fall within the purview of the Juvenile Court. Act of June 2, 1933, P. L. 1433, repealed and replaced, Act of December 6, 1972, P. L. 1446, No. 333, 11 P.S. §50-101 et seq. (Supp. 1973-74.)

[4] We need not here consider the effect of Section 324 of the Juvenile Act of 1972, Act of December 6, 1972, P. L. 1446, No. 333, §27, 11 P.S. §50-324 (Supp. 1973-74).

ly has directed that juvenile adjudications do not rise to the level of an adult criminal conviction. Such adjudications have therefore been held to be inadmissible for impeachment purposes. *Commonwealth v. Johnson,* 402 Pa. 479, 167 A. 2d 511 (1961); *Commonwealth ex rel. Hendrickson v. Myers,* 393 Pa. 224, 144 A. 2d 367 (1958); *Holmes' Appeal,* 379 Pa. 599, 109 A. 2d 523 (1954). Although these decisions pertained to defendants in criminal trials testifying on their own behalf, we see no basis for a distinction for an informative witness in a proceeding. See *In re Nash,* 39 Cal. Rptr. 205, 61 Cal. 2d 491, 393 P. 2d 405 (1964); *Shelby v. State,* 258 Ind. 439, 281 N.E. 2d 885 (1972); *Coleman v. Staples,* 446 S.W. 2d 557 (Ky. Ct. App. 1969); *State v. Williams,* 473 S.W. 2d 388 (Mo. 1971); *State v. Laws,* 50 N.J. 159, 233 A. 2d 633 (1967); *Mason v. Klaserner,* 114 Ohio App. 171, 180 N.E. 2d 870, 871 (1961); *State v. Temple,* 5 Wash. App. 1, 485 P. 2d 93 (1971); *Deja v. State,* 43 Wisc. 2d 488, 168 N.W. 2d 856 (1969). Cf. *Martinez v. Avila,* 76 N.M. 372, 415 P. 2d 59 (1966).

The outcome of this trial depended entirely upon the resolution of the direct conflict between the testimony of Paul Guy on the one hand and that of appellant and his alibi witnesses on the other. The improper questions were part of a lengthy and rigorous effort to discredit the alibi witnesses. Under such circumstances, appellant is entitled to a new trial.

The order of the Superior Court and the judgment of sentence of the Court of Common Pleas are reversed and a new trial is awarded.