Commonwealth *v.* Coades, Appellant.

Argued November 27, 1972.   Before JONES, C. J.,
EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MAN-
DERINO, JJ.

*David E. Auerbach,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Manderino, November 26, 1973:

The appellant, Allen Coades, was found guilty by a jury of burglary, robbery, larceny, and conspiracy. Post-trial motions were denied and the appellant was sentenced to two to four years imprisonment. The Superior Court affirmed the judgment of sentence in a per curiam order. *Commonwealth v. Coades,* 220 Pa. Superior Ct. 745, 286 A. 2d 912 (1971). The appellant's petition for allowance of appeal to this Court was then granted.

The appellant was jointly indicted with Mark Colder and Foster Blagman. The charged offenses arose out of the robbery of the Suburban Loan Company on July 24, 1969. Blagman's case was severed. He then pleaded guilty only to the conspiracy charge, a misdemeanor, and received a sentence of three months probation. The district attorney did not proceed on any of the felony charges, and his petition for a nolle pros of all other indictments against Blagman was granted. The appel-

lant and Mark Colder were tried jointly and Blagman appeared as a witness against them for the prosecution.

The appellant claims error in that: (1) the defense was not permitted to cross-examine Blagman about his plea of guilty to a misdemeanor and the nolle prossing of the more serious felony charges for which he had been jointly indicted with the appellant and Mark Colder and (2) the trial court refused a request by the defense that the jury be charged that Blagman's testimony should be viewed with caution since he was an accomplice.

In the cross-examination of Blagman, who testified for the prosecution, the defense wanted to show Blagman's bias in testifying against the appellant. The defense wanted to ask Blagman about his indictments for the same crimes, the nolle prossing of the felony charges by the district attorney, and his plea of guilty to the misdemeanor charge. The trial court erroneously excluded the proposed cross-examination.

In refusing to allow the proposed cross-examination of Blagman, the trial court relied on the Act of March 31, 1860, P. L. 427, §51, 19 P.S. §831, which provides: "No person tried for [any] misdemeanor shall be liable to be afterwards prosecuted for felony *on the same facts*. . . ." (Emphasis added.) The trial court concluded that under the above Act Blagman could never be tried on the nolle prossed indictments since he had pleaded guilty to the conspiracy charge. We must reject this conclusion. The facts which support a conviction for a conspiracy to commit a crime are not necessarily the *same facts* required to convict for the crime itself and, thus, the Act may not be applicable. Moreover, even if the above Act were applicable and Blagman could not be tried on the nolle prossed indictments, the defense should have been permitted to impeach Blagman by establishing facts from which the jury could infer that Blagman was a biased witness.

The statute relied on by the trial court has been applied when the crime for which a defendant has been convicted is a lesser offense included in a greater offense for which prosecution is later attempted. In such cases the same facts necessary to convict for the lesser offense are also necessary to convict for the greater offense. *Commonwealth v. Ray,* 177 Pa. Superior Ct. 154, 110 A. 2d 764 (1955). A conspiracy conviction may arise from different facts and different episodes than the substantive crime. It may be that Blagman can yet be tried for the crimes charged in the nolle prossed indictments. *Commonwealth v. McLaughlin,* 293 Pa. 218, 142 A. 213 (1928); *Commonwealth ex rel. Cuniff v. Cavell,* 185 Pa. Superior Ct. 128, 137 A. 2d 846 (1958).

Even assuming that Blagman could never be tried on the nolle prossed indictments, the proposed cross-examination should nevertheless have been allowed to impeach Blagman by showing his bias. In Pennsylvania a witness under indictment for the same crime involved in the case in which he is testifying is permitted to be cross-examined about that indictment. *Commonwealth v. Ross,* 434 Pa. 167, 252 A. 2d 661 (1969). The rationale for permitting this type of cross-examination is that the jury should be allowed to evaluate whether the witness testified for the prosecution to gain favorable treatment in his own case. 3A J. Wigmore, Evidence §967 (Chadbourn rev. 1970). This possible bias is placed before the jury so that it may better weigh and judge that witness's credibility. If we permit a jury to infer that a co-indictee's testimony is biased because he *may* receive favorable treatment, we cannot logically preclude the jury from drawing the same inference when the co-indictee may *have already received* favorable treatment. "Whatever tends to show the interest or feeling of a witness in a cause is competent by way of cross-examination." *Commonwealth v. Farrell,* 187 Pa. 408, 423, 41 A. 382, 384 (1898). Ex-

ternal circumstances tending to indicate that a witness may have received money or some other reward which may produce biased testimony is admissible. 3A J. Wigmore, EVIDENCE §961 (Chadbourn rev. 1970). The defense was entitled to have the jury know that the witness, Blagman, was a co-indictee who received a three-month probation sentence to a misdemeanor charge and that the more serious felony charges against him were nolle prossed.

The prosecution also claims that the appellant waived his right to impeach Blagman because, after the trial court refused to allow the proposed cross-examination, the defense called Blagman as its own witness. We cannot agree. Blagman was called by the defense to testify concerning an occurrence which took place when Blagman and the appellant were arrested. The defense's questioning of Blagman had nothing to do with the commission of the crimes charged. We have no way of knowing whether the defense would have called Blagman as a witness had the trial court allowed the defense to cross-examine Blagman when he was called as a prosecution witness. Had such cross-examination been allowed, Blagman may have been totally discredited and the defense might not have called him as a witness. We cannot find a waiver under these circumstances.

The appellant also claims that the trial court erred in refusing to charge the jury that Blagman was an accomplice. "It is the rule in Pennsylvania that the testimony of an accomplice of a defendant, given at the latter's trial, comes from a corrupt source and is to be carefully scrutinized and accepted with caution; it is clear error for the trial judge to refuse to give a charge to this effect after being specifically requested to do so." *Commonwealth v. Sisak*, 436 Pa. 262, 265, 259 A. 2d 428, 430 (1969). The test for determining if a witness is an accomplice is whether the witness "could be

indicted for the crime for which the accused is charged."
*Id.* at 268, 259 A. 2d 431. Blagman not only could have
been indicted for the same crimes—he was indicted for
the same crimes as the appellant. Blagman was an ac-
complice of the appellant. Therefore, the appellant was
entitled to the requested charge that Blagman was an
accomplice and that his testimony should be viewed with
caution. *Commonwealth v. Turner,* 367 Pa. 403, 80 A.
2d 708 (1951).

The only issue remaining is whether the errors in
this case were harmless. *Commonwealth v. Sisak,* 436
Pa. 262, 259 A. 2d 428 (1969) ; *Commonwealth v.
Woods,* 366 Pa. 618, 79 A. 2d 408 (1951). Without
Blagman's testimony, the prosecution's evidence against
the appellant would have consisted only of an identifi-
cation by an eyewitness who had had a fifteen-second
opportunity to view the appellant. Blagman's testi-
mony linked the appellant and his co-defendant to an
automobile and a bag used during the commission of
the robbery. Under such circumstances, Blagman's tes-
timony may have been significant in the jury's delibera-
tion. We, therefore, cannot find the errors harmless.
The appellant was entitled to discredit Blagman by the
proposed cross-examination and was also entitled to the
requested charge that Blagman was an accomplice.
Other questions raised by the appellant need not be con-
sidered.

The order of the Superior Court and the judgment
of sentence of the trial court are reversed and a new
trial is awarded.