399 A.2d 776

COMMONWEALTH of Pennsylvania

v.

**Edward JOINES, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1978.

Decided March 16, 1979.

Petition for Allowance of Appeal Granted Jan. 4, 1980.

Howard E. Stine, III, Assistant Public Defender, Media, for appellant.

Robert A. Graci, Assistant District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

Appellant was convicted after a jury trial of making unsworn falsifications to authorities and fabricating physical evidence[1] in connection with a fire that occurred on October 15, 1974. The evidence viewed in the light most favorable to the Commonwealth established the following. On October 15, a fire was set in an unoccupied home in East Lansdowne by Albert Pinner, a convicted arsonist who at the time was a member of the East Lansdowne Fire Company. Appellant, who was Chief of the Fire Company, attended the fire and later filed a report on the incident. In his report, appellant said the fire was probably caused by the owner's failure to extinguish a cigarette. There was little evidence, however, to support appellant's surmise. At trial, several witnesses

1. *See* 18 Pa.C.S.A. §§ 4904, 4910 (1973).

testified that two fires had been set at the residence, one in a kitchen closet and the other in the living room; the dining room that connected these rooms was not burned. In addition, the son-in-law of the owner told appellant that the residence had been unoccupied for more than twenty-four hours before the fire. Several witnesses testified that shortly before the fire Albert Pinner made statements to the effect that "he was going to set a fire," and that "there was no point in the members of the fire company leaving because they would only be called back again." Two witnesses stated that appellant was approximately three feet away when Pinner made these statements. A third witness, who had been convicted on several counts of hindering prosecution and was unsentenced at the time of appellant's trial, testified that appellant was five or six feet away when Pinner said that he was leaving the stationhouse to get gasoline with which to set the fire. Detective Robert Seltzer testified that appellant had subsequently admitted to hearing Pinner's statement about "not bothering to leave because you will just have to come back." Appellant denied that he made such a statement or that he heard Pinner say anything to indicate that he was responsible for the fire.

Appellant asserts that he is entitled to a new trial because the lower court improperly limited the scope of his cross-examination of Robert Furlong, a Commonwealth witness. Furlong had pleaded guilty to a charge involving fraud on an insurance company. During the period in which the Commonwealth was preparing its case against appellant, however, Furlong was allowed to withdraw his guilty plea so that he could qualify for an ARD program.[2] At appellant's trial, the trial judge refused to allow appellant to cross-examine Furlong concerning his guilty plea. This ruling was reversible error.

■ It is true that as a general rule, a witness may not be impeached on account of his past criminal conduct unless he has been convicted for the conduct. *Commonwealth v. Katchmer*, 453 Pa. 461, 309 A.2d 591 (1973); *Commonwealth*

2. *See* Pa.R.Crim.P. 175 *et seq.*

*v. Ross*, 434 Pa. 167, 252 A.2d 661 (1969). However, our courts have recognized an exception to this rule where "a witness is *under indictment* for the same crime, or a crime growing out of it, or a crime closely related to the very offense for which the defendant is being tried . . . ." *Commonwealth v. Ross*, 434 Pa. at 170, 252 A.2d at 662 (original emphasis). "The rationale for permitting this type of cross-examination is that the jury should be allowed to evaluate whether the witness testified for the prosecution to gain favorable treatment in his own case." *Commonwealth v. Coades*, 454 Pa. 448, 452, 311 A.2d 896, 898 (1973), *citing*, 3A Wigmore, Evidence § 967 (Chadbourn rev. 1970).

In *Coades*, the defendant and a co-defendant had each been charged with burglary, robbery, larceny, and conspiracy. The co-defendant pleaded guilty to conspiracy and received a sentence of three months probation. The other charges against him were nol prossed. At the defendant's trial, the co-defendant testified for the Commonwealth. The Supreme Court held that the trial court committed reversible error when it refused to allow the defendant to cross-examine the co-defendant on the charges that had been nol prossed, for such cross-examination might have disclosed that the co-defendant was biased because of the favorable disposition he received from the Commonwealth.

The fact that in the present case Furlong was not appellant's co-defendant does not distinguish *Coades*. In *Commonwealth v. Warren*, 250 Pa.Super. 522, 378 A.2d 1271 (1977), we recognized that the exception set forth in *Coades* and *Ross* is premised on only two requirements: the existence of an indictment against the witness; and evidence that the prosecutor was able to promise the witness leniency on the charges against him. Here, not only had an indictment been returned against Furlong, but Furlong had pleaded guilty to it. Furthermore, when Furlong was permitted to withdraw his guilty plea and enter an ARD program, the indictment remained outstanding. Pa.R.Crim.P. 181 provides:

When a defendant is accepted into the program of accelerated rehabilitative disposition after information or

indictment, the judge shall order that further proceedings on the charges shall be *postponed* during the term of the program. (Emphasis added.)

Furthermore, Pa.R.Crim.P. 184 provides that if a judge finds that the defendant has committed a violation of a condition of the program, he may order, when appropriate, that the program shall be terminated, and that the attorney for the Commonwealth *shall proceed on the charges as provided by law.* (Emphasis added.)

Thus, the first requirement of *Coades* and *Ross* was met. As for the second requirement, not only was the prosecutor able to *promise* Furlong leniency, he *provided* him with leniency. Participation in an ARD program is conditioned on the district attorney's motion to the court that a defendant's case receive an accelerated disposition; without that motion, a defendant will not qualify. Pa.R.Crim.P. 175 and 176.

Finally, it is pertinent to note that the withdrawal of Furlong's guilty plea and his placement in ARD occurred while the Commonwealth was preparing its case against appellant. The potential for abuse in the discretion given to district attorneys in choosing the candidates for ARD is specifically noted in the Comment to the ARD provisions. *And see Commonwealth v. Kindness,* 247 Pa.Super. 99, 371 A.2d 1346, 1352 (1977) (SPAETH, J., concurring and dissenting). The authors of the Comment were especially concerned about possible abuse where a district attorney recommended inclusion of a case in an ARD program after the return of an indictment against the defendant. In such a case, the district attorney must "provide the judge with some good reason why such motion was not made at an earlier stage." Given this concern, and the facts of this case, the trial judge should have allowed appellant to attempt to impeach Furlong on the basis of his guilty plea and his subsequent dealings with the Commonwealth.

The trial judge's error cannot be deemed harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Commonwealth v. Story,*

476 Pa. 391, 383 A.2d 155 (1978). The case against appellant was close: One mistrial had already been declared because of a hung jury; at the second trial, the jury acquitted appellant on all counts in connection with one fire, and found him guilty on only two counts in connection with the other. Moreover, Furlong and his wife Theresa were important witnesses for the Commonwealth. Furlong testified that appellant was fifteen to twenty feet away when Albert Pinner told Furlong that he should stay at the station because an alarm was about to be sounded. Furlong's wife testified that appellant was only three or four feet away when Pinner said he intended to set a fire, and that she was present when appellant admitted to Detective Seltzer that he knew "something was going to happen that night." Under these circumstances, it cannot be maintained beyond a reasonable doubt that had appellant been allowed to attempt to impeach Furlong, he would nonetheless have been convicted.

The judgment of sentence is reversed and the case is remanded for a new trial.[3]

---

**3.** Because we reverse for the reasons above, we do not consider the merits of appellant's other arguments.