J-S86026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARENCE LAMONT BUTLER | |
| Appellant | No. 597 WDA 2016 |

Appeal from the PCRA Order March 1, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015888-2004

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MARCH 28, 2017**

Clarence Lamont Butler appeals from the March 1, 2016 order of the Allegheny County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On December 12, 2005, a jury convicted Butler of second-degree murder (18 Pa.C.S. § 2502(b)).[1] On February 8, 2006, the trial court sentenced him to life imprisonment.[2] Butler did not file a post-sentence

_____

[*] Former Justice specially assigned to the Superior Court.

[1] At trial, Christopher Conrad ("trial counsel") represented Butler.

[2] At docket number CP-02-CR-0017235-2004, the same jury convicted Butler of robbery-inflicts serious bodily injury (18 Pa.C.S. § 3701(a)(1)(i)); carrying a firearm without a license (18 Pa.C.S. § 6106(a)(1)); and criminal conspiracy (18 Pa.C.S. § 903(a)(1)). The trial court sentenced him to 72 to

*(Footnote Continued Next Page)*

motion or direct appeal. On July 10, 2006, following a PCRA petition, the PCRA court reinstated Butler's direct appeal rights *nunc pro tunc*. Butler timely filed a notice of appeal to this Court on August 3, 2006. On August 7, 2007, we affirmed Butler's judgment of sentence. Butler did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On October 19, 2007, Butler filed a timely PCRA petition, which the trial court dismissed. Butler appealed to this Court, and we affirmed on August 17, 2009.

Butler filed the instant PCRA petition, his second, on January 6, 2016. On February 1, 2016, the PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907(1). Butler timely objected, and the PCRA court issued an order dismissing his petition on March 3, 2016. Butler timely filed a notice of appeal. The PCRA court did not order Butler to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement and, on May 6, 2016, issued an opinion.

On appeal, Butler raises the following issues:

    I.   WHETHER THE TRIAL COURT ERRED BY DISMISSING P.C.R.A. PETITION FOR NEWLY DISCOVERED EVIDENCE AS UNTIMELY.

    II.  WHETHER NEWLY DISCOVERED EVIDENCE PRESENTED WARRANT[ED] AN EVIDENTIARY HEARING.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

144 months' incarceration consecutive to his sentence of life imprisonment in this case.

III. WHETHER THE TRIAL/P.C.R.A. COURT AND THE ALLEGHENY COUNTY DISTRICT ATTORNEY WAS [sic] AWARE OF CHRISTOPHER CONRAD'S CRIMINAL ACTS, AND CONCEALED THESE CRIMINAL ACTS FROM [BUTLER], AND ELECTED TO APPOINT MR. CONRAD FOR REPRESENTATION FOR UNSEEN REASONS.

Butler's Br. at 1.

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Melendez–Negron***, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." ***Id.*** It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super. 2015), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking . . . review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or

- 3 -

> laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); **see Brown**, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The trial court sentenced Butler on February 8, 2006. He appealed to this Court, and we affirmed his judgment of sentence on August 7, 2007. Butler did not seek allowance of appeal with the Pennsylvania Supreme Court. Thus, Butler's judgment of sentence became final 30 days later, on September 6, 2007. Butler had one year from that date, or until September 8, 2008,[3] to file a timely PCRA petition. His current petition, filed on January 6, 2016, is therefore facially untimely.

Butler's petition remains untimely unless it alleges and proves a PCRA time-bar exception. Butler claims he meets the "new facts" exception

---

[3] Butler had until Monday, September 8, 2008 to file a timely PCRA petition. 1 Pa.C.S. § 1908 (when last day of time period "fall[s] on Saturday or Sunday, . . . such day shall be omitted from the computation").

because he filed his petition within 60 days of learning that his trial counsel had been convicted of driving under the influence ("DUI") in 2004 and 2007 and that trial counsel's law license had been suspended from 2012 to 2015.[4]

Butler must show that "the facts upon which the claim was predicated were unknown" to him and "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii); ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007). This "new-facts" exception does not require us to analyze the merits of the case or the underlying claim. ***Brown***, 111 A.3d at 177.

Butler alleges that he first learned of trial counsel's DUIs on October 28, 2015, when he received a letter from Angelea Allen Mitas, Counsel-in-Charge with the Office of Disciplinary Counsel ("ODC"). He claims that he requested trial counsel's disciplinary information after hearing rumors about trial counsel's DUI arrests. Butler further claims that this information was unknown to him prior to this date and that he filed his PCRA petition within 60 days.[5]

---

[4] To the extent Butler claims trial counsel's law-license suspension constitutes a "new fact," we reject this argument. He alleges that trial counsel's license was suspended from 2012 to 2015, which was well after Butler's 2005 trial.

[5] Butler claims that he delivered his PCRA petition to the prison staff for mailing on December 27, 2015, which he argues would fall within the 60 days in which he had to bring his claim. The docket indicates the petition was filed on January 6, 2016. ***See*** Docket Entry No. 57. While there is no date on Butler's petition and no dated envelope in the certified record, we

*(Footnote Continued Next Page)*

- 5 -

Butler relies on ***Commonwealth v. Burton***, 121 A.3d 1063 (Pa.Super. 2015), *app. granted*, 134 A.3d 446 (Pa. 2016), for his "new facts" claim. In ***Burton***, the appellant was convicted of first-degree murder and conspiracy to commit murder in September 1993. ***Id.*** at 1066. Appellant filed a PCRA petition claiming the "new-facts" exception on July 11, 2013, after receiving a letter from the Pennsylvania Innocence Project on May 30, 2013. ***Id.*** Enclosed with the letter was a copy of a motion to expunge filed by a co-defendant, wherein the co-defendant admitted to killing the victim in self-defense and alleged that an innocent man had gone to jail for a crime that the co-defendant had committed. ***Id.*** The PCRA court dismissed the petition without a hearing. ***Id.*** at 1067.

On appeal, this Court vacated the PCRA court's order and remanded the case for an evidentiary hearing. ***Id.*** at 1066. In doing so, we concluded "that due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Id.*** at 1071. We explained that while the general rule is "that publicly available information cannot predicate a timeliness exception,

*(Footnote Continued)* ────────

will assume he submitted the petition to prisoner staff on December 27, 2015 because the Commonwealth does not object to this claim in its brief. ***See Commonwealth v. Chambers***, 35 A.3d 34, 39 (Pa.Super. 2011) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.").

beyond the 60-day grace period," *id.*, "a *pro se* petitioner does not have access to information otherwise readily available to the public," *id.* at 1072.[6] Furthermore, we stated that the PCRA court could not make credibility determinations as to when the appellant had learned of the co-defendant's filings without an evidentiary hearing. *Id.* at 1073-74.

Here, Butler has pled that the "new facts" regarding his trial counsel were unknown to him before his receipt of the ODC's October 28, 2015 letter. The Commonwealth argues that Butler was aware of the "new facts" earlier, when he sent his letter to ODC requesting information about trial counsel. However, Butler alleges that he had only heard rumors at that point. After hearing those rumors, he exercised reasonable diligence in writing to the ODC to determine whether the rumors were substantiated. As we stated in **Burton**, "due diligence requires neither perfect vigilance nor

_____

[6] In holding that there is no presumption that a *pro se* petitioner has access to public information, we clarified that

> [a]n untimely petitioner's *pro se* status merely eliminates the presumption of his access to public information. The Commonwealth is free, of course, to adduce evidence sufficient to establish such access. When it does, a PCRA court can engage in a real, fact-based inquiry. A finding of access may well preclude a petitioner from invoking the after-discovered facts exception to the PCRA timeliness requirement (just as the general public records rule works where the petitioner is represented by counsel).

**Burton**, 121 A.3d. at 1073 n.7.

punctilious care, but rather it requires reasonable efforts by a petitioner." 121 A.3d at 1071. After learning of trial counsel's DUIs on October 28, 2015, Butler filed his PCRA petition within 60 days. As in **Burton**, we will not presume that Butler, who is a *pro se* petitioner, had access to this publicly available information.

Although Butler has satisfied the "new facts" exception to the PCRA's time bar, we conclude that his underlying ineffective assistance of counsel claim fails. Butler claims that because trial counsel had been convicted of a DUI conviction before Butler's trial in 2005, trial counsel had alcoholism problems and added stress at the time of Butler's trial and, therefore, rendered ineffective assistance of counsel. **See** 42 Pa.C.S. § 9543(a)(2)(ii). It is well-settled that "counsel is presumed to have rendered effective assistance." **Commonwealth v. Lesko**, 15 A.3d 345, 374 (Pa. 2011). To succeed on an ineffective assistance of counsel claim, Butler has the burden of establishing:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Id.* at 373.

Butler has failed to suggest how trial counsel's alleged drinking issues rendered his assistance ineffective. **See Commonwealth v. Burton**, 417 A.2d 611, 614 (Pa. 1980) (holding there was no indication appellant's trial

counsel rendered ineffective assistance because he had been drinking before appearing in court); *see also Commonwealth v. McCloy*, 574 A.2d 87, 91 (Pa.Super. 1990) (holding that "defense counsel's personal, legal troubles are unrelated to those of the client whom he is representing" and "there is no *per se* rule which commands that counsel be deemed constitutionally ineffective"). In *McCloy*, we held that "in order to be entitled to relief from a conviction . . . the defendant must affirmatively show that his right to a fair trial was prejudiced by his counsel's representation." 574 A.2d at 91. Butler does not allege any actions or inactions of trial counsel that could arguably be perceived as ineffective. Furthermore, Butler has not established how the outcome of the trial would have been different had counsel not had a DUI conviction.

Because we conclude that Butler's ineffectiveness claim fails, we need not address his remaining issues.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2017