**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Vance DAWSON, Appellant.**

Superior Court of Pennsylvania.

Submitted July 28, 1997.

Filed Nov. 18, 1997.

Albert J. Flora, Jr., Wilkes-Barre, for appellant.

Peter Paul Olszewski, Jr., Dist. Atty., Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, BECK and BROSKY, JJ.

BECK, Judge.

The single issue before this court is whether a prosecution witness may be cross-examined with regard to his or her hope for favorable treatment on pending criminal charges in another jurisdiction. We hold that such cross-examination is proper but

that its preclusion in this case was harmless error. Therefore, we affirm the judgment of sentence.

Appellant was convicted of Possession with Intent to Deliver and related charges in connection with his drug dealing activities in Luzerne County. Police learned of appellant's cocaine enterprise from Shereese Gregory, the mother of one of appellant's children. On her own initiative, Ms. Gregory contacted police, informed them of appellant's illegal activities and removed from appellant's residence drugs and paraphernalia to substantiate her allegations. At trial, Ms. Gregory testified at length regarding appellant's modus operandi in securing drugs in New York, transporting drugs to Wilkes Barre, employing assistants to aid his operation and selling drugs from several different locations in town. She also testified about appellant's purchase of cars, clothing, guns and other items with proceeds from his drug operation as well as the fact that appellant often bought these goods in the names of other individuals in an effort to shield his assets. Despite the fact that Ms. Gregory was directly involved in appellant's illicit drug business for a period of time, her own actions triggered appellant's arrest and she became the primary witness against him at trial.

At trial, appellant's attorney sought to question Ms. Gregory with respect to her probationary status in Philadelphia County on charges of Endangering the Welfare of Children and Recklessly Endangering Another Person. In addition, counsel requested permission to cross-examine Ms. Gregory regarding theft charges pending against her in Philadelphia. Counsel's purpose was to show Gregory's bias and/or motive to testify against appellant. The Commonwealth objected, arguing that since the probation and the pending charges originated in another county, the witness could not be questioned about them. The trial court agreed and precluded the cross-examination. The issue is now before us on appeal.

█ In reviewing a trial court's order regarding the scope and limits of cross-examination, we reverse only where a clear abuse of discretion or error of law has been estab-lished. *Commonwealth v. Buehl*, 510 Pa. 363, 508 A.2d 1167, 1179 (1986), *cert. denied*, 488 U.S. 871, 109 S.Ct. 187, 102 L.Ed.2d 156 (1988). The right of cross-examination is the primary component of a criminal defendant's constitutional right to confront witnesses against him. *See Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Commonwealth v. Robinson*, 507 Pa. 522, 491 A.2d 107 (1985).

The rule with respect to cross-examination of a prosecution witness for bias initially was addressed in *Commonwealth v. Ross*, 434 Pa. 167, 252 A.2d 661 (1969). There, the court held that a witness under indictment for the same crime as the defendant against whom he is testifying may be cross-examined about the indictment so that the jury can evaluate whether the witness is seeking favorable treatment in his own case. In *Commonwealth v. Coades*, 454 Pa. 448, 311 A.2d 896 (1973), the court extended Ross to cover those circumstances where the possibility of favorable treatment may already have occurred. The *Coades* court held that a prosecution witness could be cross-examined about his indictment for the same crime despite the fact that the charges had been nolle prossed.

In *Commonwealth v. Evans*, 511 Pa. 214, 512 A.2d 626 (1986), our supreme court was faced with a variation of the circumstances in *Ross* and *Coades*. *Evans* presented the case of two defendants charged with murder. At the time of trial, the primary prosecution witness, David Crater, faced not only charges in connection with the murder, but also faced over ten unrelated burglary and conspiracy charges within the same county. The trial court permitted Crater to be cross-examined about the murder charges but precluded counsel from questioning him about the unrelated charges. On appeal, our supreme court granted a new trial and held that a prosecution witness under indictment for charges unrelated to the crime at issue, but within the same jurisdiction, could be cross-examined regarding the potential for favorable treatment. The *Evans* court recognized that even if the prosecutor has made no promises to the witness, the witness may still "hope" for favorable treatment by testifying for the Commonwealth; therefore, the criminal de-

fendant against whom the witness is testifying is entitled to bring that fact to the attention of the jury via cross-examination of the witness. *Id.* at 223–26, 512 A.2d at 631–32.

One of the very same defendants who was granted a new trial in *Evans* was again the object of the court's attention in *Commonwealth v. Nolen*, 535 Pa. 77, 634 A.2d 192 (1993). As it had in the first trial, the prosecution in the second trial presented the testimony of a witness who had a criminal record. This time the witness had no charges currently pending against him. However, at the time he agreed to testify against Nolen, he faced charges in the same county as well as charges in Virginia. By the time of Nolen's trial, the charges the witness faced in the same county had been reduced and disposed of and charges the witness faced in Virginia had been dropped.

Relying on its decisions in *Evans* and *Coades*, the *Nolen* court held that it was error for the trial court to refuse Nolen's request to cross-examine the witness about his charges. The court reasoned:

> [F]rom the facts presented here, it can easily be inferred that at the time Boyer [the witness] agreed to testify for the Commonwealth, he had expectations of leniency with regard to his pending charges, and that when he did so testify, he was obliged to tailor his testimony in favor of the prosecution. The fact that the charges were no longer pending is of no moment. As Judge (now Justice) Montemuro so aptly stated in his opinion below: "If this were the test, then the Commonwealth need only ensure that its witness receive the favorable treatment before the start of the trial to avoid cross-examination challenging the witness' bias."

*Id.* at 84, 634 A.2d at 196.

In this case, the Commonwealth argues that because Ms. Gregory's charges were from another county, they cannot be the subject of cross-examination. The Commonwealth insists that in addition to the fact that

favorable treatment cannot be granted from one county to another, the law specifically forbids cross-examination on this basis. The Commonwealth relies on the *Evans* court's explicit holding that a witness can be cross-examined about "the case at bar or any other non-final matter *involving the same prosecuting authority.*"[1] *Evans*, 511 Pa. at 226, 512 A.2d at 632 (emphasis supplied). We observe that the *Evans* court was not faced with unrelated charges from another county and so of course made no comment in that regard. Further, it was the *Evans* court that recognized the very real possibility that "a prosecution witness may be biased because of the expectation of leniency in some pending matter *even when no promises have been made.*" *Id.* Finally, it is clear that the *Nolen* court, which was in fact faced with out-of-county charges, made no distinction between the charges the witness faced in the same county and those he faced in another state.

The Commonwealth asks us to interpret *Evans* narrowly. In addition, it seeks to distinguish *Nolen* from the instant case by arguing that in *Nolen* "there was evidence of record [*i.e.*, the reduction of the county charges and the dismissal of the Virginia charges] . . . that the witness had been treated favorably." Appellee's Brief at 5. We respond with two observations. First, despite the Commonwealth's argument that favorable treatment from another county is not possible, its citation to the evidence in *Nolen* unwittingly establishes that favorable treatment from a different county—and a different state—is indeed possible. Second, if we were to require proof of favorable treatment prior to permitting cross-examination, we would simply be allowing a different type of manipulation of the rule than that suggested by Justice Montemuro in *Evans*, that is, we would be encouraging the Commonwealth to delay granting favorable treatment until after trial so as to avoid cross-examination.

■ We conclude that where a prosecution witness has outstanding charges in a county other than the one in which he or she is

---

1. The Commonwealth does not argue that we should treat differently Ms. Gregory's probationary status in Philadelphia and her pending charges in that same county. The law is clear that "an order of probation constitutes a non-final disposition of a criminal case." *Commonwealth v. Buksa*, 440 Pa.Super. 305, 655 A.2d 576 (cross-examination of prosecution witness to establish bias extends to open probation), *appeal denied*, 544 Pa. 642, 664 A.2d 972 (1995).

testifying, defense counsel may explore whether that witness has received, will receive or hopes to receive favorable treatment in his or her own case. We believe this is a logical extension of our supreme court's reasoning in *Evans* and is further supported by the same court's decision in *Nolen*. In this case then, Ms. Gregory should have been questioned about her outstanding charges and the effect, if any, she hoped to gain from her testimony.

■ Our inquiry does not end with our conclusion that the trial court erred. The *Nolen* court made clear the fact that such an error may be harmless, making reversal unnecessary. In *Nolen*, the court found that preclusion of the witness's cross-examination was harmless since the witness's testimony was only relevant to the planning of the crime, did not place Nolen at the scene and was corroborated by several other prosecution witnesses. *See Nolen*, 535 Pa. at 84–85, 634 A.2d at 196. Here, the record reflects that Ms. Gregory's testimony constituted the bulk of the prosecution's case. Indeed, in its brief the Commonwealth specifically adopts appellant's statement of the case, which characterized Ms. Gregory as "the main witness on behalf of the Commonwealth" who "testified at length regarding the scope of Defendant's [appellant's] drug enterprise and his involvement in it." Clearly then, we cannot conclude that Ms. Gregory's testimony was not material to the case against appellant.

However, we can still find the error here is harmless if we conclude that cross-examination of Ms. Gregory for bias based on her Philadelphia charges would have been merely cumulative of the questions already posed to her by defense counsel. *See Commonwealth v. Whiting*, 447 Pa.Super. 35, 668 A.2d 151 (1995) (witness's admission to using drugs, committing robberies and lying to police, coupled with testimony regarding her deal with the Commonwealth on the instant charges, were cumulative and reversal unwarranted), *appeal denied*, 544 Pa. 629, 675 A.2d 1247 (1996).

While on the stand, Ms. Gregory testified to defrauding the state welfare authority, purchasing and selling illegal drugs, and assisting appellant in his extensive drug operation. On cross-examination, she was asked about her jealousy of appellant's girlfriend, her theft of money and property, the fact that she no longer had custody of her own children, her communications with local law enforcement and the fact that she was avoiding prosecution in connection with the instant case.

Upon review of the entire transcript and in light of the admissions Ms. Gregory made on the witness stand, we conclude that the error in precluding further cross-examination was harmless and reversal is inappropriate. Appellant was not prevented entirely from seeking to establish that Ms. Gregory had ulterior motives. *See Commonwealth v. Smith*, 436 Pa.Super. 277, 647 A.2d 907 (1994) (admission of witness's preliminary hearing testimony insufficient and prejudicial where evidence of bias could have been elicited if testimony were live). Instead, counsel employed a variety of methods in his effort to expose Ms. Gregory's self-interest. The jury nonetheless convicted appellant. We find that the additional cross-examination sought by appellant was cumulative and would not have affected the verdict.

Judgment of sentence affirmed.