J-S45045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY WILLIAMS, A/K/A TRAVIS LEE MORIARTY | |
| Appellant | No. 195 WDA 2016 |

Appeal from the PCRA Order January 7, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0009320-2006

BEFORE: OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED AUGUST 19, 2016**

Appellant, Randy Williams, a/k/a Travis Lee Moriarty,[1] appeals from the order denying his timely, counseled first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant claims ineffective assistance of trial counsel and an illegal sentence. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The original caption conflates two names Appellant uses, Randy Williams and Travis Lee Moriarty. To avoid further confusion, we have revised the caption to conform to the prior naming usage. In his direct appeal, and periodically in this record, Appellant's name is given as Randy Williams, with an alternate name of Travis Lee Moriarty. We have amended the caption accordingly.

We derive the facts pertinent to our review of Appellant's properly preserved collateral claims from our independent review of the certified record.

On June 15, 2006, uniformed Pittsburgh police officers Chalene McGinty and Farquar Holland, on routine patrol in a marked police vehicle, observed Appellant sitting in a blue Sebring at the corner of Shadeland Avenue and Woodland Avenue, described as a high drug traffic area. (*See* N.T. Trial, 3/24/09, at 45-49). The Sebring was in the roadway, partially obstructing traffic. Appellant sat in the front passenger seat. The police observed him in a suspicious hand-to-hand transaction involving the exchange of currency for an unknown substance with an unidentified male outside the vehicle. (*See id.* at 48).

When the police approached to investigate, Appellant abandoned the owner of the car, his friend and drug supplier, Gary Pettus, and led them on a high speed chase through several neighborhoods involving two separate stolen vehicles. When he crashed the first car, belonging to Pettus, the police attempted unsuccessfully to restrain him by use of a Taser, and with a black jack.

A private citizen, Eugene Toomer, tried to intervene, but Appellant subdued him, stole his car, and resumed his attempted escape. Mr. Toomer testified he heard one of the police officers yelling, "I tased him, but it didn't [faze] him." (*Id.* at 116).

The police finally captured Appellant with the assistance of canines when they surrounded a house he had broken into belonging to a woman named Joyce Cager. Once Appellant was in custody, police recovered 146 bags of heroin from his front pants pocket, $37.00, a cellphone, and in the vehicle, a pistol.

Independently of this case, but related to an issue on appeal, Officer Holland was later terminated from the Pittsburgh police department over charges apparently involving claims that he was involved in unsworn falsification and forgery stemming from a claim for retirement benefits. At the time of Appellant's trial, Officer Holland's case was pending. (***See id.*** at 8-9). The trial court granted the Commonwealth's motion *in limine,* prohibiting reference to Holland's pending charges, subject to "revisiting it for good cause shown." (***Id.*** at 10).

At trial, Ms. Cager, who had originally told police that Appellant held her in a headlock, testified that "[h]e had his arm around my neck, but not forcibly. Just like hugging me." (N.T. Trial, 3/26/09, at 187). Ms. Cager further testified that although she did not know Appellant, she realized at the courthouse that she knew his mother. (***See id.*** at 189-90). Appellant testified in his own defense.

A jury convicted Appellant of two counts of robbery of a motor vehicle, possession with intent to deliver (PWID), resisting arrest, fleeing and

eluding, unlawful restraint, and related offenses.[2]  On October 7, 2009, the trial court imposed an aggregate sentence of not less than nine nor more than eighteen years of incarceration.  (*See* N.T. Sentencing, 10/07/09, at 37).

This Court affirmed the judgment of sentence on direct appeal.  (*See Commonwealth v. Randy Williams, a/k/a Travis Lee Moriarty*, 55 A.3d 130 (Pa. Super. 2012)).  Our Supreme Court denied allowance of appeal on January 4, 2013.  (*See Commonwealth v. Williams*, 60 A.3d 536 (Pa. 2013)).  Appellant filed a timely *pro se* PCRA petition on October 2, 2013.  The PCRA court appointed counsel who filed amended petitions.  The court dismissed the petition, after due notice pursuant to Pennsylvania Rule of Criminal Procedure 907, on January 7, 2016.  *See* Pa.R.Crim.P. 907(1). This timely appeal followed.[3]

Appellant presents four questions on appeal:

I. Whether trial counsel gave ineffective assistance by failing to attack the credibility of [f]ormer Police Officer Faquar Holland?

II. Whether trial counsel gave ineffective assistance for failing to request a justification instruction?

_____

[2] Appellant was acquitted of aggravated assault, and various VUFA charges.

[3] February 6, 2016 fell on a Saturday.  The PCRA court did not order a statement of errors complained of on appeal.  On February 11, 2016, the court filed an order referencing its Notice of Intent to Dismiss, filed and dated December 4, 2015, for the reasons of its decision.  *See* Pa.R.A.P. 1925.

III. Whether trial counsel gave ineffective assistance for failing to fully cross-examine Joyce Cager?

IV. Whether the PCRA [c]ourt erred by failing to grant relief when Appellant was sentenced to an illegal sentence?

(Appellant's Brief, at 5).

Our standard and scope of review for the denial of a PCRA petition is well-settled.

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Spotz*, --- Pa. ----, 84 A.3d 294, 311 (2014) (citations and internal quotation marks omitted).

To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

*Id.* at 303 n.3. Furthermore,

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that

counsel's performance was deficient and that such deficiency prejudiced him.

> *Id.* at 311–12 (most case citations, internal quotation marks and other punctuation omitted). "Counsel's assistance is **deemed constitutionally effective** once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." *Commonwealth v. Rolan,* 964 A.2d 398, 406 (Pa. Super. 2008) (citations and internal quotation marks omitted) (emphasis in original).

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa. Super. 2014).

Here, in his first issue, Appellant maintains that trial counsel was ineffective in not attacking the credibility of former police officer Holland "**through Toomer.**" (Appellant's Brief, at 20) (emphasis added). We disagree.

First, and foremost, Officer Holland did not testify. So **he** could not be impeached. Secondly, Appellant's argument depends on an incorrect premise of fact. Mr. Toomer did **not** identify Officer Holland as saying, "I tased him, but it didn't [f]aze him." (N.T. Trial, 3/24/09, at 116). Mr. Toomer only referred to one of the police. (*See id.*).

Appellant improperly and incorrectly conflates the statement at issue with Mr. Toomer's later testimony. Mr. Toomer testified that Officer Holland was the only police officer involved in his scuffle with Appellant that he could identify by name, **not** that former Officer Holland said "I tased him, but it didn't [f]aze him." (*See* Appellant's Brief, at 18; (citing N.T. Trial, 3/25/09, at 118)).

To the contrary, the record supports the opposite conclusion. Officer Holland hit Appellant with a "black jack" or slap jack. Officer McGinty Tasered him. (**See** N.T. Trial, 3/27/09, at 350-51; **see also** Commonwealth's Brief, at 26).

More substantively, because there is no dispute that Appellant was tased, and Appellant himself testified that he was tased, there is no conceivable prejudice to Appellant that could arise from the statement that he was tased, whoever said it. Simply put, there was nothing in the statement to impeach.

Similarly, the fact that Appellant continued to try to evade the police even after he was tased is supported by the record, and not subject to dispute.

> Prosecutor:
> Q. Did [Appellant] ever attempt to surrender himself?
> Officer McGinty:
> A. No.
> Q. Was he repeatedly beaten on the face and head area?
> A. I tasered him, and like I testified before, at that time, Officer Holland did use a slap jack in order to try and subdue him and place him under arrest.
> Q. Beyond that, any force used against him by yourself or Officer Holland?
> A. No. Other than Officer Holland after he tried to, I believe get him out of the vehicle, he went to Mr. Toomer's car.

(N.T. Trial, 3/27/09, at 350-51). We view the evidence of record in the light most favorable to the Commonwealth as the prevailing party at the trial level. **See Spotz**, *supra* at 311.

Moreover, nothing in the record even remotely suggests, as Appellant advocates, that Holland could be impeached through any conceivable testimony by Mr. Toomer. (**See** Appellant's Brief, at 20). Specifically, nothing in the record suggests Mr. Toomer had personal knowledge of Officer Holland's separate legal difficulties, or was otherwise competent to testify about them.

Finally, Appellant's cited authority does not support his argument. Specifically, Appellant relies on **Commonwealth v. Dawson**, 702 A.2d 864, 866-67 (Pa. Super. 1997), *appeal denied*, 724 A.2d 348 (Pa. 1998), for the proposition that "a remand for an evidentiary hearing was required concerning ineffective assistance as to counsel's failure to properly cross-examine a witness[.]" (Appellant's Brief, at 22).

It bears noting that **Dawson** was a direct appeal. Defense counsel sought to impeach a Commonwealth witness who gave incriminating testimony while she had pending charges in another county, about her expectation of leniency in her own case. **See Dawson**, **supra** at 866-67. Contrary to Appellant's explicit assertion, ineffective assistance was not at issue. Here, Holland, who did not testify, could not be impeached about the expectation of leniency in his own case for favorable testimony he had never given in the first place.

Furthermore, leaving that aside, Appellant neglects to add that the **Dawson** Court nevertheless concluded that the error was harmless where

the additional cross-examination sought by the appellant was cumulative and would not have affected the verdict. ***See id.*** at 867. Appellant fails to prove ineffectiveness. His first claim does not merit relief.

In his second claim, Appellant argues that trial counsel provided ineffective assistance by failing to request a justification instruction. (***See*** Appellant's Brief, at 26-28). Appellant contends, in effect, that his flight was justified because he feared he was in clear and imminent danger. (***See id.*** at 28). We disagree.

As in his first claim, Appellant relies on direct appeal caselaw to support his ineffectiveness argument on collateral appeal. (***See*** Appellant's Brief, at 27-28 (citing ***Commonwealth v. Billings***, 793 A.2d 914 (Pa. Super. 2002), *appeal denied*, 805 A.2d 519 (Pa. 2002))).

> In order to be entitled to an instruction on justification by necessity as a defense to a crime charged, Appellant must offer evidence to show:
>
> (1) that (he) was faced with a clear and imminent harm, not one which is debatable or speculative;
>
> (2) that (he) could reasonably expect that (his) actions would be effective in avoiding this greater harm;
>
> (3) that there is no legal alternative which will be effective in abating the harm; and
>
> (4) that the Legislature has not acted to preclude the defense by a clear and deliberate choice regarding the values at issue.
>
> As with any offer of proof, it is essential that the offer meet a minimum standard as to each element of the defense so that if a jury finds it to be true, it would support the affirmative

- 9 -

defense-here that of necessity. This threshold requirement is fashioned to conserve the resources required in conducting jury trials by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses raised by the defendant. Where the proffered evidence supporting one element of the defense is insufficient to sustain the defense, even if believed, the trial court has the right to deny use of the defense and not burden the jury with testimony supporting other elements of the defense.

*Billings*, *supra* at 916 (citation omitted).

Here, Appellant maintains that "[t]here is a reasonable probability that but for counsel's failure to request the instruction, the verdict concerning robbery of Toomer's vehicle, resisting arrest and burglary would have been different." (Appellant's Brief, at 28). We disagree. Appellant's reliance is misplaced.

[A] defendant [raising a claim of ineffective assistance of counsel] is required to show **actual prejudice**; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.' This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The harmless error standard, as set forth by this Court in *Commonwealth v. Story*, 476 Pa. [391], 409, 383 A.2d [155], 164 [ (1978) ] (citations omitted), states that "[w]henever there is a '*reasonable* possibility' that an error 'might have contributed to the conviction,' the error is not harmless." This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the *Pierce* prejudice standard, which **requires the defendant to show that counsel's conduct had an actual adverse effect on the outcome** of the proceedings.

*Spotz*, *supra* at 315 (some citations omitted) (emphases added).

Furthermore, it bears noting that the **Billings** Court decided that the defense of justification by necessity was **not** met. **See Billings**, **supra** at 916-17. It is not met here, either.

Appellant had no justification to flee from the police.

"We cannot state it any more clearly: there does not exist in Pennsylvania a right to resist arrest, under any circumstances." **Commonwealth v. Biagini**, 655 A.2d 492, 499 (Pa. 1995).

Here, as already noted, Officer McGinty testified that Appellant never even attempted to surrender himself. (**See** N.T. Trial, 3/27/09, at 350).

When Appellant testified at trial he candidly conceded that his motivation in fleeing was not clear and imminent danger, but to avoid arrest:

> [T]he reason I jumped into the driver's seat of my [sic] car and pulled off was because for one, I didn't want to get caught with it (heroin) and for two, I didn't want him (Pettus, his supplier) to get caught with it neither.
>
> I figured if I got away with these drugs and neither one of us got caught with them, they never seen them, I will get to keep them, pay for them, and he would tell me you got away, I stopped him from getting in trouble and I am stopping me from getting in trouble from doing it, too.

(N.T. Trial, 3/27/09, at 314-15).

Appellant was not entitled to a jury instruction on the defense of justification by necessity. "[I]t is axiomatic that [trial] counsel will not be considered ineffective for failing to pursue meritless claims."

- 11 -

***Commonwealth v. Pursell***, 724 A.2d 293, 304 (Pa. 1999), *cert. denied*, 528 U.S. 975 (1999).  Appellant's second claim lacks merit.

Next, Appellant totally fails to address, develop any argument, or provide pertinent authority in support of his third claim, alleging ineffective cross-examination of Joyce Cager by defense counsel.  (***See*** Appellant's Brief, at 28-29).  It is not the role of this Court to develop an argument for a litigant.  Accordingly, his third claim is waived.[4]  ***See*** Pa.R.A.P. 2119(a), (b).

Finally, in his fourth claim, Appellant claims he received an illegal sentence.  (***See*** Appellant's Brief, at 29-31).  Appellant maintains that a mandatory minimum sentence for PWID is illegal under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), and ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014), *appeal denied*, 121 A.3d 496 (Pa. 2015).

However, this Court has concluded that ***Alleyne*** is not entitled to retroactive effect on collateral review.  ***See Commonwealth v. Riggle***, 119 A.3d 1058, 1067 (Pa. Super. 2015).

---

[4] Moreover, our independent review of the record confirms that defense counsel not only cross-examined but **re-**cross-examined Ms. Cager.  (***See*** N.T. Trial, 3/26/09, at 192-95, 196).  Her testimony was favorable to Appellant.  The sentencing court acknowledged that Ms. Cager had softened her testimony from her statement to the police.  (***See*** N.T. Sentencing, 10/07/09, at 35).  Defense counsel had no need to cross-examine further. "Where counsel has made a strategic decision after a thorough investigation of law and facts, it is virtually unchallengeable[.]" ***Commonwealth v. Rolan***, 964 A.2d 398, 406 (Pa. Super. 2008) (citations omitted).

Appellant suggests the possibility of a future change in the law. (**See** Appellant's Brief, at 31). However, this Court continues to follow controlling precedent as long as a decision has not been overturned by our Supreme Court. **See Dixon v. GEICO**, 1 A.3d 921, 926 (Pa. Super. 2010) (citing **Marks v. Nationwide Ins. Co.**, 762 A.2d 1098, 1101 (Pa. Super. 2000)). Appellant's fourth claim does not merit relief.

Appellant fails to overcome the presumption of effectiveness. His claim of an illegal sentence is not reviewable retroactively on PCRA review.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/19/2016</u>