J-S18010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL BENEDICT WOLF | : | |
| | : | |
| Appellant | : | No. 1033 MDA 2018 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007563-2011

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.                    **FILED SEPTEMBER 23, 2019**

Paul Benedict Wolf appeals from the June 11, 2018 order that denied his *pro se* request for relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-45.  We affirm.[1]

---

[1]   Appellant filed an application for relief alleging bad faith by the Commonwealth and seeking to quash its timely-filed brief because the Commonwealth requested three separate thirty-day filing extensions and failed to serve it on Appellant in compliance with Pa.R.A.P. 2185(a)(1). Initially, we discern no bad faith in the Commonwealth's requests, and Appellant has not made any specific allegations of gamesmanship. Furthermore, the Commonwealth attached a "Proof of Service" representing that Appellant was contemporaneously served with a copy of the Commonwealth's brief via first-class mail.  *See* Commonwealth's brief at 90. Our Prothonotary thereafter forwarded a copy of the Commonwealth's brief to Appellant.  Even assuming, *arguendo*, that Appellant is correct in alleging a failure of service, the Pennsylvania Rules of Appellate Procedure do not provide for quashing a brief for a failure in service.  Pursuant to Pa.R.A.P. 2188, "[i]f an appellee fails to file his brief within the time prescribed by these

---

*   Former Justice specially assigned to the Superior Court.

This Court previously summarized the underlying facts of this case as follows:

> On October 31, 2011, the Hanover Borough Police Department was dispatched to 312 East Middle Street in Hanover Borough for a report of shots fired and an individual holding a gun to his head. Anthony Hippensteel testified he lived in the same apartment building as [Appellant]. On the night of the incident, Hippensteel went over to [Appellant's] apartment and saw [Appellant], holding a sawed-off [shotgun] underneath his chin, and counting, "1, 2, 3." Hippensteel stated [Appellant] then took the gun from under his chin and fired it at the ceiling.
>
> Upon the officer's arrival at the scene, they came into contact with Amanda Bowen, Hippensteel's live-in girlfriend, who indicated that [Appellant] was in his apartment holding a sawed-off shotgun to his head and which he had previously fired into the ceiling. Bowen provided [Appellant's] cell phone number to Sergeant Joseph J. Bunty, Jr. Sergeant Bunty testified he called [Appellant] and asked him to step outside, and [Appellant] complied with his request.
>
> Upon leaving the building, [Appellant], unarmed at the time, was handcuffed and patted down for officer safety. After [Appellant] was taken into custody for detainment purposes while the police attempted to find the missing shotgun, [Appellant] suggested he and the police enter his apartment, because he did not want to be seen talking to them. Officer [Gerald] Aumen and others removed the keys to the residence from [Appellant's] pocket and opened the door. The officer also indicated there was concern that Hippensteel may have still been in the apartment somewhere based on a statement by Bowen.

---

rules, or within the time as extended, he will not be heard at oral argument except by permission of the court." This remedy is inapplicable here because the instant PCRA appeal is not subject to oral argument. *See* Superior Court O.P. 36(A), 210 Pa. Code § 65.36(A) ("All post-conviction hearing cases shall be submitted on the briefs and record unless otherwise directed by the Court upon its own motion or upon application of a party."). Accordingly, we deny Appellant's application for relief.

After entering the apartment, Officer [Aumen] testified he observed fresh damage to the ceiling and a hole. Officer [Aumen] read [Appellant] his **Miranda**[2] rights, which he waived. Officer [Aumen] also observed 12-gauge [shotgun] shells and two pipes in plain view, which the officer believed to be drug paraphernalia. [Officer Aumen] stated he asked [Appellant] to fill out and sign a consent-to-search form, which [Appellant] declined to do.

The police then obtained a search warrant. Police Officer Marci Fureman testified that she spoken with Bowen regarding any weapons that [Appellant] may have had and Bowen described several hiding places. One of those places was a trashcan in the rear of the residence, where Officer Fureman found a spent cartridge from a shotgun. A sawed-off shotgun was also retrieved under a loose board in [Appellant's] kitchen.

[Appellant] told Officer [Aumen] he owed a lot of people money and that a friend had dropped the gun off for him. [Appellant] admitted he was not permitted to possess a firearm. Hippensteel testified that two or three days earlier, he was present when a person named Alan came over to [Appellant's] apartment, pointed a gun at [Appellant], and threatened to kill him.

**Commonwealth v. Wolf**, 134 A.3d 106 (Pa.Super. 2015) (unpublished memorandum at *2-*4) (internal citations and footnotes omitted) ("**Wolf I**").

From June 12 through June 14, 2013, the trial court held a jury trial. At the conclusion of the trial, Appellant was convicted of: (1) person not to possess, use, manufacture, control, sell or transfer firearms ("Count 1"), 18 Pa.C.S. § 6105(a)(1); (2) prohibited offensive weapons ("Count 2"), 18 Pa.C.S. § 908(a); and (3) possession of drug paraphernalia ("Count 3"), 35 P.S. § 780-113(a)(32). On February 21, 2014, the trial court imposed

_____

[2] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

concurrent terms of five to ten years of imprisonment on Count 1, one to two years imprisonment on Count 2, and six to twelve months imprisonment on Count 3.

On October 23, 2015, this Court affirmed Appellant's judgment of sentence. **See Wolf I**, **supra**. Thereafter, our Supreme Court denied Appellant's petition for leave to file a petition for allowance of appeal, *nunc pro tunc*. **See Commonwealth v. Wolf**, No. 111 MM 2016 (Pa. 2016) (order). The PCRA court denied Appellant's *pro se* first PCRA petition, but on May 17, 2017, this Court vacated that order and remanded the case. **See Commonwealth v. Wolf**, 170 A.3d 1230 (Pa.Super. 2017) (unpublished memorandum at *4-*5) ("**Wolf II**"). Specifically, we noted that the PCRA court had neglected to appoint counsel to represent Appellant pursuant to Pa.R.Crim.P. 904 or, alternatively, to convene a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998). **See Wolf II**, **supra** (unpublished memorandum at *4) ("As a first-time PCRA petitioner, upon a showing of indigence, [Appellant] is entitled to the appointment of counsel to represent him throughout the post-conviction collateral proceedings, including any appeal from the disposition of his first PCRA petition.").

On June 5, 2017, the PCRA court appointed Jonelle Harter Eshbach, Esquire to represent Appellant with respect to his PCRA petition. However, on March 26, 2018, Appellant filed a *pro se* petition titled "Notice of Ineffective

Assistance of Counsel," which was docketed as a "Post-Conviction Relief Act Petition" requesting the appointment of new PCRA counsel. **See** PCRA Court Opinion, 9/18/18, at 8-9. On April 18, 2018, Attorney Eshbach filed a petition and sent a "no-merit" letter stating her conclusion that Appellant's PCRA claims were meritless and requesting leave to withdraw as PCRA counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). A hearing was held on May 1, 2018 to collectively address both Appellant's request for new PCRA counsel and Attorney Eshbach's submission under **Turner**/**Finley**, at which Appellant was present. The PCRA court thereafter filed notice of its intent to dismiss Appellant's PCRA petition without further proceedings pursuant to Pa.R.Crim.P. 907(2), stating its agreement with the arguments set forth in Attorney Eshbach's **Turner**/**Finley** submissions. The PCRA court provided Appellant twenty days in which to file objections, after which the PCRA court advised him that his petition would be dismissed.[3]

On May 29, 2018, Appellant prematurely filed a notice of appeal from the PCRA court's May 18, 2018 notice. On June 11, 2018, the PCRA court

_____

[3] Appellant has not challenged the adequacy of Attorney Eshbach's no-merit letter. Consequently, we will not review the **Turner**/**Finley** practice in this case. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 (Pa. 2009) (holding it is error to address the adequacy of **Turner**/**Finley** submissions where "[n]either party raised the issue of the adequacy of PCRA counsel's no-merit letter").

entered a final order denying Appellant's requested relief and dismissing Appellant's PCRA petition. Two days later, the PCRA court granted Attorney Eshbach's request to withdraw as PCRA counsel. On June 22, 2018, Appellant filed a second notice of appeal from the PCRA court's June 11, 2018 order.[4] Appellant timely filed a *pro se* concise statement pursuant to Pa.R.A.P. 1925(b) raising thirty-five issues. On September 18, 2018, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a), discussing the issues raised by Appellant concluding that all of Appellant's claims were either waived or meritless. **See** PCRA Court Opinion, 9/18/18, at 10-23.

We discern that Appellant's issues actually encompass six overall claims: (1) whether the evidence adduced at trial was sufficient to prove the elements of the offenses beyond a reasonable doubt; (2) whether the jury's verdict was against the greater weight of the evidence adduced at trial; (3) whether the trial court erred in denying Appellant's pre-trial *omnibus* motion; (4) whether a number of general improprieties occurred during the trial; (5) whether Appellant's rights have been violated under the U.S. Constitution and/or the

---

[4] Appellant's filing of serial notices of appeal resulted in the docketing of duplicate PCRA appeals with respect to both Appellant's premature notice of appeal (962 MDA 2018) and this timely-filed appeal (1033 MDA 2018). On March 28, 2019, we dismissed Appellant's first appeal as redundant. **See Commonwealth v. Wolf**, No. 962 MDA 2018, at *2 (Pa.Super. March 28, 2019) (judgment order) (citing **Neidert v. Charlie**, 143 A.3d 384, 387 n.3 (Pa.Super. 2016) (dismissing premature and duplicative appeal)).

Pennsylvania Constitution; and (6) whether trial counsel, post-sentence counsel and/or direct appellate counsel rendered ineffective assistance.[5]

Our applicable standard and scope of review are both well-established under Pennsylvania law: "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***See Pitts***, ***supra*** at 878. In particular, there is a discrete class of claims that are properly cognizable under the PCRA, which is statutorily limited to: (1) a recognized violation of either the U.S. Constitution or the Pennsylvania Constitution that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;" (2)

_____

[5] Overall, the "Statement of Questions Involved" that appears in Appellant's brief differs significantly and substantially from the issues set forth in Appellant's Rule 1925(b) concise statement. Furthermore, Appellant's drafting flagrantly violates the requirement set forth at Pa.R.A.P. 2116 that "[t]he statement of the questions involved must state **concisely** the issues to be resolved, expressed in the terms and circumstances of the case **but without unnecessary detail**." Pa.R.A.P. 2116(a) (emphasis added). As a result of the clear and concise treatment of these issues by the PCRA court, we decline to find outright waiver as our appellate review has not been hampered by Appellant's verbosity and variation. ***See Commonwealth v. Bell***, 476 A.2d 439, 443 (Pa.Super. 1984) ("While we condemn such a flagrant violation of that rule, we will nonetheless address the numerous issues raised here."). To the extent that our categorization of these claims differs from the PCRA's court treatment of the same issues, we also note that we are not bound by the PCRA court's rationale, and may affirm the denial of post-conviction relief on any correct basis. ***See Commonwealth v. Beck***, 848 A.2d 987, 991 n.8 (Pa.Super. 2004).

ineffective assistance of counsel that "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;" (3) an unlawfully-induced guilty plea; (4) improper government obstruction of a petitioner's appellate rights; (5) the unavailability of exculpatory evidence at the time of trial that has subsequently become available and which "would have changed the outcome of the trial if it had been introduced;" (6) the imposition of a sentence greater than the lawful maximum; and (7) improper jurisdiction. **See** 42 Pa.C.S. § 9543(a)(2). Furthermore, allegations of error advanced under the PCRA must not have been either previously litigated or otherwise waived by the petitioner. **See** 42 Pa.C.S. §§ 9543(3), 9544(a)(2), (b). A claim under the PCRA is considered to have been "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue" or if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." **See** 42 Pa.C.S. §§ 9544(a)(2)-(3). Waiver results when "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." **See** 42 Pa.C.S. § 9544(b). Finally, "strict adherence to the statutory language of the PCRA is required." **Commonwealth v. Judge**, 797 A.2d 250, 257 (Pa. 2002).

At the outset, we observe that Appellant's first four sets of claims are either waived or previously litigated under the PCRA. In his first allegations

of error, Appellant claims that the Commonwealth did not adduce sufficient evidence to demonstrate that Appellant actually possessed or had control over the shotgun at-issue in this case. **See** Appellant's brief at 10-11, 14. We note that "an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." **Commonwealth v. Price**, 876 A.2d 988, 995 (Pa.Super. 2005). Any challenge to the sufficiency of the evidence adduced by the Commonwealth was fully available to Appellant during his direct appeal and, consequently, Appellant has waived this claim by failing to adequately raise it. **See Commonwealth v. Bell**, 706 A.2d 855, 861 (Pa.Super. 1998) (holding that sufficiency of the evidence claims are not cognizable under the PCRA); **see also Price**, **supra** at 995 (same). A review of the record from Appellant's direct appeal reveals that Appellant advanced (and then subsequently withdrew) a challenge to the sufficiency of the evidence during this Court's initial review of his case. **See Wolf I**, **supra** (unpublished memorandum at *14 n.7). Thus, we will not address the merits of Appellant's sufficiency claims as they have been waived. **See** 42 Pa.C.S. § 9544(b).

Appellant has similarly raised a multitude of issues that are properly recognized as challenges to the weight of the evidence, primarily impugning under various theories the credibility of the witnesses presented by the

Commonwealth, including Officer Auman,[6] Amanda Bowen, Anthony Hippensteel, and Brenda Treadway.[7] ***See*** Appellant's brief at 6-8, 10, 13-15, 17, 19-20, 22, 24. As above, these claims are either previously litigated pursuant to § 9544(a) or waived under § 9544(b). In relevant part, arguments aimed at the credibility of these witnesses and the internal consistency of their respective testimonies are well-recognized under Pennsylvania law as challenges to the weight of evidence. ***See Commonwealth v. Melvin***, 103 A.3d 1, 43 (Pa.Super. 2014) ("An argument regarding the credibility of a witness'[] testimony goes to the weight of the evidence, not the sufficiency of the evidence."); ***see also Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa.Super. 2014) ("[V]ariances in testimony go to the credibility of the witnesses . . . ."). Appellant also previously advanced a challenge to the weight of the evidence during his direct appeal. ***See Wolf I***, ***supra*** (unpublished memorandum at *12-*13). This Court

---

[6] Appellant has devoted significant space to claiming that Officer Auman did not adequately preserve the integrity of the shotgun seized from Appellant's residence, and that the police failed to perform an exhaustive battery of forensic tests on the firearm. Even assuming, *arguendo*, that Appellant's claims are true, neither is actionable as presented. ***See Commonwealth v. Gibson***, 951 A.2d 1110, 1140 (Pa. 2008) (holding that alleged failures "to preserve potentially useful evidence" or "perform specific forensic tests" do not raise constitutional concerns absence a demonstration of bad faith) (quoting ***Arizona v. Youngblood***, 488 U.S. 51, 58-59 (1988)).

[7] Brenda Treadway is a Commonwealth witness who testified that she witnessed Appellant in possession of a shotgun on the same day that he was arrested in connection with this case. ***See*** N.T. Trial, 6/12/13, at 181-96.

already rejected those arguments, concluding that "we may not reweigh the evidence and substitute our judgment for the trial court's decision." ***Id***. at 14 (citing ***Commonwealth v. Lyons***, 79 A.3d 1053, 1067 (Pa. 2013)). As with Appellant's arguments regarding sufficiency, Appellant has already litigated (or had the opportunity to litigate) his claims challenging the weight of the evidence in this case. Although Appellant has presented "new" arguments from those presented on direct appeal, these claims were nonetheless fully available during Appellant's post-trial motions and direct appeal. Consequently, such claims are not cognizable under the PCRA. ***See Price***, ***supra*** at 995. Thus, Appellant's challenges to the weight of the evidence are either previously litigated, or waived for failure to previously raise them in the trial court or on direct appeal. ***Accord with*** 42 Pa.C.S. §§ 9544(a)(2), (b).

Appellant has also advanced a number of claims that attempt to re-litigate issues raised (or which **should** have been raised) in Appellant's pre-trial motions practice before the trial court. In the briefest terms possible, Appellant alleges that his arrest was illegal because the officers of the Hanover Borough Police Department possessed insufficient probable cause to detain him. ***See*** Appellant's brief at 15-22. Interwoven throughout this discussion are related, but tangential, claims that evidence observed and seized from Appellant's residence should have been suppressed under various theories, including a lack of exigent circumstances, such that police officers should not have been present in Appellant's residence and alleged breakdowns in the

chain of custody. *Id.* Once again, we note that these suppression issues were already raised by Appellant during his direct appeal to this Court, wherein they were rejected. *See Wolf I*, *supra* (unpublished memorandum at *5-*12). These issues have thus either been previously litigated or are waived under the PCRA. *Accord with* 42 Pa.C.S. §§ 9544(a)(2), (b).

Appellant also alleges that the trial court demonstrated bias by offering his pair of reading glasses to Brenda Treadway during her testimony and offering Amanda Bowen the courtesy of transportation to retrieve her prescription medication. *See* Appellant's brief at 13; *see also* N.T. Trial, 6/12/13, at 126-28, 195-96. We observe nothing questionable in the trial court's expression of basic decency described above. Offering a witness with vision problems a pair of reading glasses or offering to help a witness secure access to their prescription medication seem like indicators of a solicitous jurist, as opposed to a biased one. It is also worth noting that both witnesses declined these offers from the trial court. *See* N.T. Trial, 6/12/13, at 126-28, 195-96. From a legal standpoint, it is clear from the record before us that Appellant did not advance any contemporaneous objection or request for recusal at the time these statements were made, or prior to the rendering of a verdict. As such, this issue has been waived as it relates to Appellant's trial.[8]

_____

[8] Separately, Appellant's case was re-assigned to the same jurist, then acting as the PCRA court upon remand from this Court. *See Wolf II*, *supra*. Based upon a complaint that Appellant had filed against this jurist in the Judicial

***See Reilly by Reilly v. Southeastern Pennsylvania Transp. Authority***, 489 A.2d 1291, 1300 (Pa. 1985) ("Once the trial is completed with the entry of a verdict, a party is deemed to have waived his right to have a judge disqualified, and if he has waived that issue, he cannot be heard to complain following an unfavorable result."). Moreover, Appellant has similarly waived this issue for the purposes of his PCRA petition by failing to raise it before the trial court. ***See*** 42 Pa.C.S. § 9544(b).

Next, Appellant raises the specter of two alleged constitutional violations. Under his first claim, Appellant invokes two criminal prosecutions that are unrelated to the present case and alleges that the Commonwealth has violated the concept of "double jeopardy" under the Fifth Amendment to the U.S. Constitution and Art I, § 10 of the Pennsylvania Constitution. ***See*** Appellant's brief at 23. The legal standards attendant to this inquiry are well-established under Pennsylvania law:

> The Pennsylvania Constitution's double jeopardy clause has been interpreted as "coextensive" with the federal Constitution's Fifth Amendment. ***Commonwealth v. Ball***, 146 A.3d 755, 763 (Pa. 2016). The Pennsylvania Supreme Court applies the "same-elements" test articulated in ***Blockburger v. United States***, 284 U.S. 299 (1932); ***Commonwealth v. Yerby***, 679 A.2d 217, 219 (Pa. 1996). Under the same-elements test, each offense or subsequent prosecution must require proof of at least one fact that the other offense or prosecution did not. ***Blockburger***, ***supra*** at 304. Thus, the double jeopardy clause protects defendants from subsequent prosecutions for the same act.

---

Conduct Board, Appellant sought the recusal of the jurist, which was ultimately granted. ***See*** PCRA Court Opinion, 9/18/18, at 8.

- 13 -

*Commonwealth v. Kolovich*, 170 A.3d 520, 526 (Pa.Super. 2017). In relevant part, the cases highlighted by the Appellant appear to constitute independent proceedings stemming from a separate set of events concerning the theft of scrap metal and the certified record does not support the assertion that this matter was ever actually consolidated with those cases. *See Commonwealth v. Wolf*, 156 A.3d 335 (Pa.Super. 2016) (unpublished memorandum at *2). Even assuming, *arguendo*, that those separate prosecutions **did** somehow relate to the same occurrences at issue in this case, Appellant was prosecuted for wholly separate crimes, including theft by unlawful taking, 18 Pa.C.S. § 3921, defiant trespass, 18 Pa.C.S. § 3503(b), theft by deception, 18 Pa.C.S. § 3922, and receiving stolen property, 18 Pa.C.S. § 3925. *Id.* Comparing those offenses with this case reveals that there are no similar elements of proof or common facts. *Compare* 18 Pa.C.S. §§ 6105(a)(1), 908(a), 35 P.S. § 780-113(a)(32) *with* 18 Pa.C.S. §§ 3503(b), 3921-22, 3925. Accordingly, Appellant's double-jeopardy claims necessarily fail. *See Kolovich*, *supra* at 526.

Turning to Appellant's second constitutional issue, he baldly claims that his sentence is illegal pursuant to the U.S. Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("[A]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."). Instantly, Appellant was not subjected to any mandatory minimum sentence as a result of his conviction in this case. *See* Sentence Order, 2/21/14, at 1.

As such, the holding in *Alleyne* is inapposite to Appellant's case. Furthermore, Appellant has failed to address any meaningful argument regarding *Alleyne* in his brief to this Court. As such, "[w]e must deem an issue abandoned where it has been identified on appeal but not properly developed in the appellant's brief." *Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa.Super. 1992).

Finally, Appellant's remaining issues address claims that trial and direct appellate counsel were ineffective under numerous theories. We presume that counsel is effective, and Appellant bears the burden of proving otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). In Pennsylvania, the effectiveness of counsel is assessed under the rubric set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *See Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). In order to prevail under *Strickland*, Appellant must demonstrate that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the defendant has shown that he suffered prejudice as a result of counsel's lapse (*i.e.*, there is a reasonable probability that the result of the proceeding would have been different but for counsel's oversight). *See Bennett*, *supra* at 1195. If Appellant's claim of ineffectiveness fails under any element of this test, we may dispose of it on the basis of that prong alone. *See Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998).

The lion's share of Appellant's ineffectiveness claims relate to trial counsel, including claims that he was allegedly ineffective for: (1) not communicating a plea offer from the Commonwealth to Appellant; (2) being under the influence of alcohol during the trial; (3) conceding Appellant's guilt to the jury during his closing arguments; (4) failing to call various witnesses requested by Appellant; (5) stipulating to the testimony of Amanda Bowen and not challenging her competency; (6) pursuing a duress defense regarding Appellant's possession of the shotgun; and (7) generally failing to properly prepare for trial;. **See** Appellant's brief at VIII, 13, 24-25.

The first two of these claims are readily dismissed, because there is no evidence indicating that these alleged misfeasances actually took place. Belying his claims regarding the Commonwealth's plea offer, Appellant was actually present in the courtroom when the Commonwealth's plea offer was being discussed. **See** N.T. Trial, 6/12/13, at 136-37. Furthermore, there is no evidence whatsoever to support the scurrilous allegation that trial counsel was intoxicated at any point during the trial. If Appellant suspected as much, he should have immediately lodged a formal objection with the trial court. Regardless, Appellant has failed to properly articulate "any instance in which counsel's [alleged] drinking resulted in ineffective assistance." ***Commonwealth v. Burton***, 417 A.2d 611, 614-15 (Pa. 1980). Accordingly, both of these claims lack arguable merit under the framework of ***Strickland***.

Appellant's next issue is, at least, factually accurate to the extent that trial counsel did concede Appellant's guilt to the charge of possessing drug paraphernalia: "[A]t the outset I'm going to tell you, he's guilty of possession of drug paraphernalia. Guilty of it. I'm not contesting that. I'm not going to stand before you and make up something about these pipes. They were there." N.T. Trial, 6/12/13, at 290. However, Appellant has failed to demonstrate either the lack of a reasonable basis for counsel's decision or a likelihood that the outcome of Appellant's trial would have been different if counsel had not offered this limited concession to the jury. The evidence regarding Appellant's possession of two smoking pipes (and other drug-related paraphernalia) was overwhelming when it was discovered in plain view by the Hanover Borough Police Department and respectively tested positive for marijuana and cocaine residue. **See** N.T. Trial, 6/12/13, at 5, 215-16, 224-28, 231-34, 237, 243-47, 253-54. This Court has previously held that there is no ineffectiveness where any rebuttal offered by counsel would be "insignificant in view of the overwhelming evidence of Appellant's guilt." **Commonwealth v. DeHart**, 650 A.2d 38, 46 (Pa. 1994), *abrogated on different grounds*, **Commonwealth v. Keaton**, 45 A.3d 1050 (Pa. 2012). Tellingly, Appellant has not enumerated any avenue by which trial counsel could have reasonably challenged Appellant's guilt regarding possession of drug paraphernalia and still maintained his credibility with the jury in challenging the more-serious charges related to Appellant's possession of the

shotgun. *See DeHart*, *supra* at 44 ("[T]rial counsel's actions can certainly be considered reasonable in view of the circumstances of the case. In order to maintain his credibility and not antagonize the jury, counsel may have conceded the [lesser] charge in an effort to defend against the other more serious charges . . . ."). Finally, trial counsel made this limited concession of guilt during his closing statement, thereby ensuring that the Commonwealth's case was still subject to "meaningful adversarial testing." *See Commonwealth v. Cousin*, 888 A.2d 710, 720 (Pa. 2005) (holding that a limited concession of guilt during closing arguments "is qualitatively different from a complete failure to subject the state's case to adversarial testing"), *abrogated on different grounds*, *Commonwealth v. Roebuck*, 32 A.3d 613 (Pa. 2011). Based on the discussion above, this claim of ineffectiveness similarly fails under *Strickland*.

Appellant also asserts that trial counsel was ineffective for failing to call a number of witnesses at Appellant's behest. In order to establish that counsel was ineffective for failing to call a particular witness, Appellant must demonstrate that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. *See Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa. 2007). Instantly, Appellant has failed to address any

cogent argument concerning these factors. As such, we consider this issue to be waived based on Appellant's failure to adequately develop a discussion appropriately addressed to the identities and status of these purportedly overlooked witnesses in his brief. **See Rodgers**, **supra** at 1239.

Appellant next argues that trial counsel was ineffective for stipulating to the testimony of Amanda Bowen during the trial, and not challenging her competency to testify. In relevant part, both Appellant and the Commonwealth stipulated that Amanda Bowen would have testified that she advised and showed members of the Hanover Borough Police Department where Appellant regularly hid his shotgun. N.T. Trial, 6/12/13, at 149-50. Appellant asserts that trial counsel should have challenged Amanda Bowen's competency to testify based on her diagnosis of schizophrenia, for which she takes medication. **Id**. at 123-25.

As a general matter, Pa.R.E. 601(a) provides that "[e]very person is competent to be a witness except as otherwise provided by statute or in these rules." With particular reference to criminal proceedings, "all persons" are considered "fully competent witnesses in any criminal proceeding before any tribunal" under Pennsylvania law. **See** 42 Pa.C.S. § 5911. Appellant seems to believe that Amanda Bowen is incompetent, *per se*, merely as a result of her aforementioned diagnosis, but "[i]ncompetency does not follow from the fact that the witness is insane or mentally ill." **Commonwealth v. Ware**, 329 A.2d 258, 267 (Pa. 1974). Relying on **Ware**, this Court has held that

testimony from "witnesses who are suspected of suffering with mental illness" is still considered competent "unless he or she is unable to give a correct account of the matters at issue." *Commonwealth v. Fulton*, 465 A.2d 650, 657 (Pa. 1983). Instantly, the trial court held a preliminary hearing at which Amanda Bowen testified, and confirmed that she was properly medicated and lucid during the time periods relevant to her testimony. *See* N.T. Trial, 6/12/13, at 126. By contrast, Appellant has failed to articulate exactly **how** Amanda Bowen's schizophrenia rendered her unable to accurately and truthfully testify. Therefore, Appellant has failed to demonstrate arguable merit under **Strickland**.

Appellant additionally contends that trial counsel was ineffective for advancing a duress defense as to the charges that related to possession of the shotgun in this case. In relevant part, trial counsel argued at trial that Appellant possessed a shotgun under duress from a largely unidentified person known only by the name "Alan." Specifically, Appellant maintained that Alan forced him to take possession of the shotgun under threat of death. *See* N.T. Trial, 6/12/13, at 168-72, 257-59, 291-97. In response to trial counsel's assertion of a duress defense, Appellant alleges that "the court determined [it] to be of no meritorious value, since said actions involving a drug transaction[] cannot be considered as a duress defense." Appellant's brief at VIII. However, the record does not support Appellant's factual predicate. The trial court did **not** reject Appellant's defense of duress as a matter of law, but

provided extensive spoken and written instructions regarding this defense. **See** N.T. Trial, 6/12/13, at 314-15, 329-32. The defense was submitted to the jury, which apparently did not credit it. As such, this claim also lacks arguable merit under **Strickland**.

In his last claim respecting trial counsel, Appellant makes a general assertion that counsel failed to sufficiently prepare for trial. Beyond an unadorned assertion in his "Statement of the Questions Involved," Appellant has not developed any relevant arguments or discussions regarding this claim. As such, it is waived. **See Rodgers**, **supra** at 1239.

Appellant also raises a number of allegations regarding sentencing and direct appeal counsel and subsequent direct appeal counsel.[9] With respect to direct appeal counsel, Appellant alleges that he was ineffective for refusing to challenge the legality of Appellant's arrest. **See** Appellant's brief at 2. However, a review of the relevant documents indicates that direct appeal counsel did, in fact, challenge the trial court's denial of Appellant's "Omnibus Pretrial Motion," which contained a challenge to Appellant's arrest. **See** Appellant's Rule 1925(b) Statement, 4/10/14, at ¶ C. Furthermore, this Court fully adjudicated that precise claim during Appellant's direct appeal. **See Wolf**

---

[9] On August 18, 2014, direct appeal counsel was replaced by subsequent direct appeal counsel at the specific request of Appellant.

*I*, *supra* (unpublished memorandum at *5-*12). As such, this allegation of ineffectiveness lacks arguable merit under *Strickland*.

Appellant's last issue respecting ineffectiveness alleges that subsequent direct appeal counsel failed to inform Appellant that his direct appeal had been denied until after the time for seeking a discretionary appeal before the Supreme Court of Pennsylvania had expired. *See* Appellant's brief at IX, 2, 23. This issue was not properly enumerated in Appellant's Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and is therefore waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph . . . are waived."); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

For all of the foregoing reasons, we conclude that the PCRA court's denial of Appellant's petition is legally sound and supported by the record. Accordingly, we affirm.

Application for relief denied. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/23/2019

- 22 -